

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARTIN and ANNETTE WISNIEWSKI, on
Behalf of their son, AARON WISNIEWSKI,

        Plaintiffs,

v.

THE BOARD OF EDUCATION of the
WEEDSPORT CENTRAL SCHOOL DISTRICT
and RICHARD MABBETT, Superintendent of Schools,

        Defendants.

**ANSWER**

Civil Action No. 02-CV-1403
(NAM/GLS)

---

        Defendants, The Board of Education of the Weedsport Central School District and Richard Mabbett, Superintendent of Schools, answer plaintiffs' Complaint in accordance with the numbered paragraphs thereof as follows:

        1.    **LACK KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations of Paragraphs 1, 2, 10-11, 13-20, 22, 36-39, 44-45, 51-52, 54-55, 74, and 81 of the Complaint.

        2.    **ADMIT** the allegations of Paragraphs 3-5 and 12 of the Complaint.

3. **DENY** the allegations of Paragraphs 6, 7, 9, 25-26, 31-33, 35, 47-49, 53, 57-60, 62-65, 67-70, 75 and 82 of the Complaint.

4. **DENY** the allegations of Paragraph 8 of the Complaint, except **ADMIT** that a Notice of Claim dated December 28, 2001 was served on defendants and respectfully refer the Court to the Notice of Claim for a true and complete statement of its contents.

5. **LACK KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint, but **ADMIT** that the District learned of the icon from student Chad McDeid.

6. **ADMIT** so much of the allegations of Paragraph 23 of the Complaint as allege that the suspension of Aaron Wisniewski was not based on his prior disciplinary record and **DENY** any other allegations of said paragraph.

7. With respect to the allegations of Paragraph 24 of the Complaint, Defendants **ADMIT** that Aaron Wisniewski was suspended from April 27, 2001 through May 3, 2001, but respectfully refer the Court to the April 27, 2001 letter of Principal Linda Rice for a true and complete statement of its contents.

8. With respect to the allegations of Paragraph 27 of the Complaint, Defendants respectfully refer the Court to the April 30, 2001 Notice of Superintendent's Hearing for a true and complete statement of its contents.

9. With respect to the allegations of Paragraph 28-30 of the Complaint, Defendants **ADMIT** that the Cayuga County Sheriff's Department conducted an investigation,

but respectfully refer the Court to the Sheriff's Department's records and reports for a true and complete statement of the Department's investigation and conclusions.

10. With respect to the allegations of Paragraph 34, Defendants respectfully refer the Court to plaintiffs' counsel's May 9, 2001 memorandum to the District for a true and complete statement of its contents, but **DENY** the allegations contained in said paragraph to the extent they imply the District had a duty to provide or pay for a "threat assessment".

11. **DENY** the allegations of Paragraph 40, 41 and 43 of the Complaint, except **ADMIT** that a Superintendent's hearing was held on May 29, 2001 before Hearing Officer Lynda M. VanCoske, Esq. and refer the Court to Ms. VanCoske's June 12, 2001 Decision for a true and complete statement of its contents.

12. With respect to the allegations of Paragraph 42 of the Complaint, **ADMIT** that the Hearing Officer's recommendations were considered and acted upon by the Board of Education and **DENY** all other allegations in said paragraph.

13. **ADMIT** the allegations of Paragraph 46 of the Complaint, but refer the Court to the September 25, 2001 letters of Richard Mabbett to plaintiffs and their counsel, the September 24, 2001 Decision of the Board of Education, and the June 12, 2001 Decision of hearing officer Lynne M. VanCoske, Esq. for a true and complete statement of their contents.

14. **ADMIT** so much of Paragraph 50 as alleges that the District made a good faith effort to resolve the disciplinary charges against Aaron Wisniewski and respectfully refer the Court to the May 10, 2001 and August 17, 2001 letters from the District's counsel to plaintiffs' counsel. Defendants further **ADMIT** that plaintiffs rejected the District's proposals

and respectfully refer the Court to the September 6, 2001 letter of plaintiffs' counsel to the District's counsel. Defendants **DENY** each and every other allegation of said paragraph.

15. With respect to the allegations of Paragraph 56 of the Complaint, Defendants repeat and reallege their response to paragraphs 1 through 55 as if fully set forth herein.

16. With respect to the allegations of Paragraph 61 of the Complaint, Defendants repeat and reallege their response to Paragraphs 1 through 60 as if fully set forth herein.

17. With respect to the allegations of Paragraph 66 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 65 as if fully set forth herein.

18. With respect to the allegations of Paragraph 71 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 70 as if fully set forth herein.

19. Paragraph 72 states a conclusion of law for which no responsive pleading is required and is respectfully referred to the Court.

20. **ADMIT** the allegations of Paragraph 73 to the extent that the Board of Education was aware that criminal charges were not pursued against Aaron Wisniewski but respectfully refer the Court to the Cayuga County Sheriff's Department investigation and report for a complete and accurate statement of its contents, and **DENY** each and every other allegation of said paragraph.

21. With respect to the allegations of Paragraph 76 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 75 as if fully set forth herein.

22. Paragraphs 77 and 78 state conclusions of law for which no responsive pleading is required and are respectfully referred to the Court.

23. With regard to the allegations of Paragraph 79 of the Complaint, **ADMIT** that the Board of Education decided on September 24, 2001 to suspend Aaron Wisniewski but respectfully refer the Court to the Board's decision for a true and complete statement of its contents.

24. Paragraph 80 of the Complaint states a conclusion of law for which no responsive pleading is required and is respectfully referred to the Court.

25. Paragraph 83 of the Complaint is a Demand for a Jury Trial and does not require a responsive pleading.

26. **DENY** each and every other allegation of the Complaint not heretofore admitted.

### FIRST DEFENSE

27. The Complaint fails to state a claim upon which relief may be granted.

### SECOND (AFFIRMATIVE) DEFENSE

28. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

843915.01

### THIRD DEFENSE

29. This Court lacks jurisdiction over plaintiffs' claims under Section 3214 of the New York Education Law.

### FOURTH DEFENSE

30. Plaintiffs failed to exhaust administrative remedies.

### FIFTH DEFENSE

31. The Complaint fails to present a present case or controversy and/or the claims contained therein are moot.

### SIXTH (AFFIRMATIVE) DEFENSE

32. Defendants are entitled to absolute and/or qualified immunity.

### SEVENTH (AFFIRMATIVE) DEFENSE

33. Plaintiffs failed to mitigate their alleged damages.

### EIGHTH DEFENSE

34. Defendants at all times acted in good faith.

### NINTH DEFENSE

35. Plaintiffs failed to join all necessary parties.

### TENTH DEFENSE

36. Plaintiffs' claims are precluded by the findings of the hearing officer.

843915.01

**WHEREFORE**, defendants demand judgment dismissing the Complaint in its entirety, together with an award of their costs and attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: December 2, 2002

BOND, SCHOENECK & KING, PLLC

By: *Suzanne O. Galbato*
Suzanne O. Galbato, Esq.
Bar Roll No. 510058
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 422-0121

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of December, 2002, a true and correct copy of the Answer of defendants, The Board of Education of the Weedsport Central School District, and Richard Mabbett, Superintendent of Schools, was served upon the following counsel via UPS Overnight Mail addressed to the following attorneys of record at their business address as follows:

> Dennis G. O'Hara, Esq.
> O'Hara & O'Connell
> 200 Salina Meadows Parkway
> Suite 100
> Syracuse, New York 13212-4505

Dated: December 2, 2002

_____
Suzanne O. Galbato

843915.01